**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2580-19

VAL J. LAWNICK,

     Plaintiff-Respondent,

v.

CYNTHIA SMITH,

     Defendant,

and

GREGORY LAWNICK,

     Defendant-Appellant.

_____

Submitted May 12, 2021 – Decided June 23, 2021

Before Judges Alvarez and Sumners.

On appeal from the Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. C-000050-19.

Gregory Lawnick, appellant pro se.

Cosner Youngelson, attorneys for respondent (Rebecca A. Hand, on the brief).

PER CURIAM

Defendant Gregory Lawnick appeals a January 16, 2020 order denying his motion for reconsideration. For the reasons that follow, we now affirm.

By way of background, plaintiff Val J. Lawnick, Cynthia Smith, and Gregory[1] are the adult children of the late Helen Lawnick, who died May 8, 2018. Employing her durable power of attorney (POA) for Helen, and allegedly on the advice of legal counsel in order to avoid the loss of Helen's real estate to potential Medicare liens, Smith transferred the property to Gregory. The record indicates Gregory was Helen's caretaker for some unspecified period of time prior to her passing.

Val filed suit against Smith and Gregory, seeking the return of the property to the estate, among other things. Smith and Gregory retained counsel to represent them in a mediation session before the scheduled trial.

Fortunately, the parties were able to arrive at a resolution of the dispute. The mediator placed the terms of the agreement on the record, as well as Gregory's consent. This included transfer of the property back into Helen's estate. The order containing the mediation terms stated the deed to Gregory was

---

[1] We refer to the Lawnicks by their first names in order to avoid confusion.

A-2580-19

"null and void"—it also included language, in accord with <u>Rule</u> 1:5-1(a), that a copy would "be served upon all defendants or their counsel within seven . . . days of [p]laintiff's receipt [t]hereof."  It did not state that failure to file a written objection would result in entry of judgment at the judge's discretion.

Gregory, who by that point was again self-represented, objected some five days later on the basis that the order's "null and void" language incorrectly implied wrongdoing.  Once Val's attorney explained to him that use of the phrase was merely form language having no negative connotations, he withdrew his objection during the conversation.

Val's attorney sent the judge a letter, copied to Gregory pro se, explaining Gregory's objection and his withdrawal of it.  A few days later, an objection to the proposed order was filed by Smith's attorney.  After additional correspondence, Val's counsel forwarded a copy of the transcript of the mediation hearing to the judge to resolve the dispute about the order.

Accordingly, on September 4, 2019, the proposed order of settlement was signed and filed because it properly reflected the agreement.  When Val's attorney followed up regarding the whereabouts of the order, she was advised that through some innocent oversight, it had not been sent to any of the parties although the judge signed it.  The judge's law clerk emailed a copy to Val's

A-2580-19

attorney, who then forwarded a signed copy to each party. The emailed order was electronically distributed by Val's attorney the same day it was received, including to Gregory. This was on Friday, October 25.

In the interim, on October 23, Gregory filed a motion for summary judgment now contending that the deed transfer was valid. The motion was denied December 10, in an order which stated that "all claims and counterclaims other than objections to the informal accounting were dismissed with prejudice per the September 4, 2019 order memorializing the [s]ettlement terms . . . ."

Gregory then filed a motion for reconsideration, asserting procedural deficiencies under Rule 4:42-1(c) and (d). That application was denied on January 16, 2020, "because the [m]otion [was] without basis." The motion for summary judgment sought, even though Gregory acknowledged mediation, to proceed to trial as originally scheduled from January 13 to 14, 2020, referenced discovery scheduled to be completed by November 8, 2019, and certified that efforts to resolve the issues had been unsuccessful. The motion for reconsideration mirrored the motion for summary judgment in this respect.

Gregory now raises three points on appeal:

> POINT I
>
> PLAINTIFF'S COUNSEL'S OMISSION OF THE NOTICE REQUIREMENTS UNDER [RULE]

4:42-1([c]) AND ([d]) VIOLATED THE DEFENDANTS['] DUE PROCESS RIGHTS.

A. THE PROPOSED ORDER DID NOT CONTAIN THE NOTICE THAT THE PARTIES HAVE FIVE DAYS TO NOTIFY THE JUDGE AND PROPONENT OF THE JUDGMENT OF SPECIFIC OBJECTIONS TO THE PROPOSED ORDER IN VIOLATION OF THE DEFENDANTS['] DUE PROCESS RIGHTS UNDER N.J.R.[E.] 4:42-1([c]).

B. THE ORDER OF SETTLEMENT DOES NOT CONTAIN THE RECITAL THAT ALL PARTIES CONSENTED TO THE ORDER, IN VIOLATION OF THE PROCEDURAL DUE PROCESS REQUIREMENTS PURSUANT TO N.J.R.[E.] 4:42-1([d]).

POINT II

DEFENDANTS WERE NOT SERVED WITH THE ORDER OF SETTLEMENT UNTIL FORTY-NINE DAYS AFTER THE ORDER WAS SIGNED AND FILED VIOLATING THE DEFENDANTS['] DUE PROCESS RIGHT TO A TIMELY APPEAL.

POINT III

A MOTION FOR SUMMARY JUDGMENT WAS APPROPRIATE TO DISMISS A FA[L]SE AND FRIVOLOUS COMPLAINT.

We consider these points to be so lacking in merit as to not warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

5

A-2580-19

We note for Gregory's benefit, however, as he is pro se, that his notice of appeal, which included only the order which denied reconsideration, effectively limited the appeal to only the denial of his application for reconsideration. Such decisions are reviewed for clear abuse of discretion. Kornbleuth v. Westover, 241 N.J. 289, 301 (2020). Procedural issues are also reviewed for abuse of discretion. Farrell v. TCI of N. N.J., 378 N.J. Super. 341, 343 (App. Div. 2005). Such abuses of discretion occur when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. I.N.S., 779 F.2d 1260, 1265 (7th Cir.1985)).

No abuse of discretion occurred here. In denying reconsideration, the judge certainly did not depart from established policies or make a decision without a rational explanation or resting on an impermissible basis.

The matter settled in July 2019, and the settlement was placed on the record. Gregory engaged in a question and answer colloquy with the mediator regarding the terms of the agreement and his voluntary consent. Having settled the matter, Gregory is not free to attack it merely because of a change of heart. Quinn v. Quinn, 225 N.J. 34, 44-45, 55 (2016) (explaining settlements are favored under the State's public policy and are enforced absent a "compelling

reason"). Gregory filed an objection to the settlement order within the five-day time frame, but his objection stemmed from the fact that he misunderstood that the expression "null and void" was merely a term of art that did not imply any wrongdoing on his part.

The manner in which the settlement order was submitted for the judge's signature, and returned to the parties, engendered confusion. The notice did not explain that failure to file a written objection would result in an entry of judgment at the court's discretion. But that is not meaningful because Gregory actually filed an objection within five days. Entry of the judgment was not prejudicial to Gregory's due process rights nor was it a harmful error in any fashion.

The court's innocent delay in transmitting the order to the parties did not in some way prejudice Gregory's rights either. The order correctly reflected the settlement placed on the record. Val's counsel dispersed copies the same day she received the signed, filed order.

Once having reached a settlement, the disputed procedural and factual issues, at least on this record, were resolved. The motion for summary judgment and reconsideration could not reopen the case.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2580-19